```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

KEITH L. LASTER,

              Petitioner,

**DECISION AND ORDER**
**No. 12-CV-06054MAT**

    -vs-

SUPERINTENDENT,
FIVE POINTS CORRECTIONAL FACILITY

              Respondent.

```
_____
```

## I.   Introduction

*Pro se* Petitioner Keith L. Laster ("Laster" or "Petitioner") was convicted, after a jury trial, of five counts of Rape in the First Degree (N.Y. Penal Law ("Penal Law") § 130.35[1]), three counts of Sexual Abuse in the First Degree (Penal Law § 130.65[1]), and one count of Sodomy in the First Degree (Penal Law § 130.50). He was subsequently sentenced to an aggregate term of 85 ½ to 171 years imprisonment.

By Decision and Order dated December 17, 2012, this Court denied Petitioner's application under 28 U.S.C. § 2254 for a writ of habeas corpus (Dkt. No. 19) (hereinafter "the habeas decision"), and judgment was entered on December 18, 2012 (Dkt. No. 20). Laster appealed the Court's habeas decision, and the Second Circuit dismissed the appeal in a Mandate issued May 20, 2013 (Dkt. No. 23).

Petitioner now seeks reconsideration of the Court's habeas decision, pursuant to Fed. R. Civ. P. 60(b) (Dkt. No. 24).

**II. Timeliness**

Rule 60(b) allows a party to seek relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; or (5) the judgment has been satisfied. Fed. R. Civ. P. 60(b)(1) - (5). Subsection (6) allows a party to move for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Under Rule 60(c), the timeliness of a Rule 60(b) motion depends upon which of 60(b)'s six grounds for relief the movant invokes; that section provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3), no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c).

Petitioner filed the instant motion in this Court on November 7, 2013,[1] approximately eleven months after entry of the

---

[1] Petitioner's motion is dated November 7, 2013 and was docketed in this Court on November 19, 2013 (Dkt. No. 23). Under the so-called "prisoner mailbox rule," a petitioner's motion is deemed to have been filed on the date he gave it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's notice of appeal is deemed filed on the date that the prisoner "deliver[s] it to the prison authorities for forwarding to the court clerk," rather than the date it was received by the court clerk). Because it is not clear on what date Petitioner handed over his motion to prison officials for mailing, the Court gives Petitioner the benefit of the earlier date and deems it filed on November 7, 2013.

judgment from which he seeks relief, and thus within the one-year time frame applicable to most 60(b) motions.

Petitioner does not explicitly invoke or cite to the subsection of 60(b) upon which he seeks relief. However, he asserts in the opening paragraph of his motion that "in denying [h]abeas relief, [the] Court overlooked factual information in the records[.]" (Dkt. No. 24 at 1). Specifically, he claims that the Court overlooked the federal constitutional aspect of ground one of his petition. As such, the Court liberally construes his motion under 60(b)(1) and finds that the motion, filed within one year of the date of the judgment, is timely.

## II. Lack of Jurisdiction

Although Petitioner's motion is timely, the Court nonethless lacks jurisdiction to address the merits of it.

Under the "law of the case doctrine," "[w]hen an appellate court has once decided an issue, the trial court, at a later stage of the litigation, is under a duty to follow the appellate court's ruling on that issue." Brown v. City of Syracuse, 673 F.3d 141, 147 (2d Cir. 2012) (alteration in original) (internal quotation marks and citation omitted). "This 'mandate rule prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate,'" Id. (quoting Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir.

2010)), or "of issues that fall within the scope of the judgment appealed from . . . but not raised," ResQNet.com, Inc. v. Lansa, Inc., 828 F. Supp. 2d 688, 696 (S.D.N.Y. 2011) (alteration in original) (internal quotation marks and citations omitted); see also Fine v. Bellefonte Underwriters Ins. Co., 758 F.2d 50, 52 (2d Cir. 1985) ("Our previous ruling was the law of the case, and the district judge correctly found that it had no jurisdiction to review an appellate court's decision." (citation omitted)).

Here, the issues in Petitioner's motion for reconsideration related to ground one of the habeas petition have already been litigated before the Second Circuit by way of his appeal of this Court's habeas decision. Accordingly, the issues raised in Petitioner's motion cannot be re-litigated in the instant proceeding.

**III. The Merits of the Motion**

In any event, even if the Court had jurisdiction to entertain Petitioner's motion, it would find it meritless.

Rule 60(b)(1) allows a party to seek relief from a final judgment for "mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1). Petitioner claims that the Court made a mistake in narrowly construing ground one of the petition solely as a state law issue, and ignored the "other" federal constitutional "part" of his claim. See Dkt. No. 24 at 2-3. The Court rejects this argument.

To be sure, at ground one of the petition, Petitioner asserted as follows: "[b]y substituting a fictitious name with the defend[a]nt['][s] name and changing the theory or theories of the indictment, without the authority of the grand jury when no evidence was presented to the grand jury for independent testing and comparison, the indictment was defective. By right to be notified by a grand jury via an indictment that he is accused of a crime." Pet. ¶ 22A. Because Petitioner attacked the particular form of the indictment (i.e., the reference to "John Doe") as well as the sufficiency of the evidence before the grand jury, the Court determined that the claim did not raise a federal constitutional issue and was therefore not cognizable on habeas review. See Dkt. No. 19 at 18-20. The Court finds no basis to disturb this determination.

As explained in the Court's habeas decision, claims concerning state grand jury proceedings do not entitle a petitioner to federal habeas relief. See Lopez v. Riley, 865 F.2d 30, 32 (2d Cir. 1989) (finding that "claims concerning a state grand jury proceeding are . . . foreclosed in a collateral attack brought in a federal court"). Furthermore, indictment by a grand jury in a New York State is a right dependent on the New York State Constitution and other state laws, not on federal law, and federal habeas relief may not be granted for violations of state law. See, e.g., Venable v. Walsh, 2009 U.S. Dist. LEXIS 27887, at *31 (E.D.N.Y. Mar. 19, 2009)

(finding that a defective state indictment claim "fails to state a violation of federal law"); Fulton v. Greene, 2009 U.S. Dist. LEXIS 102971, at *14 (W.D.N.Y. Nov. 5, 2009) ("It is well-settled that any errors in state grand jury proceedings involving sufficiency of grand jury evidence, use of misleading and prejudicial evidence, and instructions given to the grand jury do not entitle a petitioner to habeas relief."); Whaley v. Graham, 2008 U.S. Dist. LEXIS 82987, at *21-*22 (E.D.N.Y. Oct. 15, 2008) ("As a threshold matter, the form of a grand jury indictment is statutorily created . . . and such alleged defects in a state grand jury proceeding cannot provide grounds for habeas relief.").

Thus, even if the Court could entertain the merits of Petitioner's motion, it would find it meritless.

**IV. Conclusion**

For the reasons stated above, the motion for reconsideration pursuant to Fed. R. Civ. P. 60(b (Dkt. No. 24) is denied. Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   January 23, 2014
         Rochester, New York